STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TOMMY FLUTY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0178**  (BOR Appeal No. 2048769)
(Claim No. 2012039296)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tommy Fluty, by Anne Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spartan Mining Company, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 27, 2014, in which the Board affirmed an August 23, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 11, 2013, decision denying authorization for a neurosurgical consultation. Additionally, the Office of Judges affirmed the claims administrator's March 8, 2013, decision denying authorization for physical therapy three times per week for six weeks. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fluty was injured in the course of his employment as an underground coal miner on May 4, 2012, when he struck his head on low coal while repairing a belt line. On August 8, 2012, the claim was held compensable for a cervical sprain/strain, with brachial neuritis or radiculitis specifically excluded as a compensable diagnosis. The record indicates that Mr. Fluty has an extensive history of cervical spine problems pre-dating the compensable injury. An April 24,

1

2008, MRI revealed a congenital vertebral fusion at C4 and C5, a disc herniation at C3-4, a disc bulge at C5-6, and a disc herniation at C6-7. On August 1, 2008, Mr. Fluty was treated by neurosurgeon David Weinsweig, M.D., for complaints of pain in the left neck with radiation down the left arm and numbness and tingling in the left hand. Dr. Weinsweig opined that the key radiological finding in relation to Mr. Fluty's condition is a disc herniation at C6-7.

Following the compensable injury, a cervical spine MRI revealed no acute abnormalities. On September 1, 2012, Mr. Fluty was involved in a serious non-work-related all-terrain vehicle accident. Another cervical spine MRI was performed and revealed multilevel spinal stenosis and cord compression at C3-4, C5-6, and C6-7 secondary to degenerative disc disease/degenerative joint disease with multiple levels of bilateral foraminal narrowing secondary to uncovertebral and facet hypertrophy. Allen Young, M.D., began treating Mr. Fluty on December 12, 2012, with Mr. Fluty reporting that he experienced pain and tingling in the neck and left arm after striking his head on low coal. He diagnosed Mr. Fluty with pain in the left cervical spine with radiation into the left arm and hand, and neck stiffness. Dr. Young recommended that Mr. Fluty be referred for a neurosurgical consultation with Matthew Werthammer, M.D.

On January 11, 2013, Ronald Fadel, M.D., performed a records review. He found that Mr. Fluty has considerable cervical spondylosis and neuropathy, both of which pre-date the compensable injury. Dr. Fadel then opined that given the compensable diagnosis of cervical sprain, a neurosurgical consultation would be inappropriate. Also on January 11, 2013, the claims administrator denied Dr. Young's request for a neurosurgical consultation.

Dr. Werthammer examined Mr. Fluty on February 14, 2013, and noted that Mr. Fluty reported an onset of cervical spine symptoms following the work-related injury. He diagnosed Mr. Fluty with cervical spondylosis with radiculopathy and recommended a conservative treatment approach of physical therapy. On March 8, 2013, the claims administrator denied a request from Dr. Young for authorization of physical therapy three times per week for six weeks.

On April 30, 2013, Dr. Young was deposed. He testified that the C6-7 disc herniation could be responsible for Mr. Fluty's current symptoms, and further testified that when he initially treated Mr. Fluty he was unaware that the C6-7 disc herniation pre-existed the compensable injury. He further testified that Mr. Fluty reported suffering identical symptoms in 2008 to Dr. Weinsweig. Finally, Dr. Young testified that although physical therapy would have been helpful at the time of the compensable injury, he is unsure about its current usefulness.

On May 31, 2013, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. Dr. Mukkamala opined that the requested neurosurgical consultation is not warranted in relation to the compensable cervical sprain. Further, he noted that Mr. Fluty suffered from longstanding cervical spine problems including a congenital block vertebra at C4-5, degenerative changes with disc space narrowing at C5-6, malalignment at C5-6, and spondylosis at C5-7. Dr. Mukkamala then opined that if a neurosurgical consultation is warranted, its necessity arises from the longstanding, pre-existing cervical spine problems. Further, Dr. Mukkamala opined that although physical therapy would have been an appropriate response immediately following the

2

compensable injury, the use of physical therapy was no longer relevant at the time authorization was requested.

In its Order affirming the January 11, 2013, and March 8, 2013, claims administrator's decisions, the Office of Judges held that Mr. Fluty has failed to demonstrate that the need for the requested physical therapy or neurosurgical consultation arises from the May 4, 2012, compensable injury. Mr. Fluty disputes this finding and asserts that the evidence of record demonstrates that the requested physical therapy and neurosurgical consultation are necessary for the treatment of the compensable injury.

The Office of Judges noted that despite the symptoms continually reported by Mr. Fluty, the only compensable component of the instant claim is a cervical sprain. Further, the Office of Judges noted that Mr. Fluty has significant pre-existing cervical spine abnormalities, including the C6-7 disc herniation identified by Dr. Young during Mr. Fluty's initial treatment as a probable cause of his symptoms. The Office of Judges then found that Mr. Fluty received treatment in 2008 for symptoms virtually identical to those reported when he sought treatment following the compensable injury. The Office of Judges concluded that although Mr. Fluty may have benefited from physical therapy immediately following the compensable injury, the current request for physical therapy was made by Dr. Young at a time when he was unaware of Mr. Fluty's true medical history. Finally, the Office of Judges concluded that the evidence of record demonstrates that the request for a neurosurgical consultation arises from the C6-7 disc herniation revealed initially to Dr. Young on the 2012 MRIs but which actually pre-dated the compensable injury. The Board of Review reached the same reasoned conclusions in its decision of January 27, 2014. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, disqualified